# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE DONALDSON,<br><br>     Plaintiff,<br><br>     v.<br><br>KERN COUNTY, et al.,<br><br>     Defendants. | Case No.: 1:14-cv-00257 AWI JLT<br><br>ORDER VACATING MID-DISCOVERY STATUS CONFERENCE |

On January 16, 2015, counsel filed their joint mid-discovery status conference. (Doc. 29) in the report, Plaintiff notes that she has propounded written discovery and has noticed the depositions of three people for March 2015. Id. 29 at 5-6. Without detailing the discovery they have completed thus far or that which remains to be completed, Defendants report that they will timely complete their discovery efforts by the current deadline. Id. at 6. Therefore, the mid-discovery status, currently set on January 26, 2015 is **VACATED**.

On the other hand, the report seeks to amend the schedule, in essence, to allow a hiatus in the discovery efforts until Plaintiff is released from jail and to extend the non-expert discovery deadline to September 2015. (Doc. 29 at 6) The report indicates that the extension is desired because of her "unavailability for medical examination, deposition and [her inability to have] extensive participation in the discovery process" while she remains incarcerated in Visalia, California at the Bob Wiley Detention Facility. Id. The parties do not explain how long she has been in custody so that the Court

1

can evaluate how this period of incarceration has impacted the discovery efforts.

On the other hand, based upon the Court's review of the docket of the Kern County Superior Court, it appears that Plaintiff has been arrested twice in Kern County since this lawsuit was filed and, based upon her current location of incarceration, it appears she was arrested one time in Tulare County. The Court notes also that Plaintiff has misdemeanor charges pending in Kern County (Case # BM845773A).[1] Thus, the Court surmises when she completes her term of incarceration in Tulare County she may remain in jail with her custody being transferred to Kern County. In any event, clearly, taking her deposition while in custody is not a significant concern[2] nor is the fact that her counsel must visit her in jail or correspond with her to obtain her contribution to discovery efforts. Indeed, a huge number of cases before this Court include parties who are incarcerated.

The Court has greater concern about the ability to obtain an independent medical examination of plaintiff while she remains in custody. However, counsel have not given the Court sufficient information to explain why the examination could occur at her place of incarceration. Also, as noted above, the Court has significant concern that even after she completes her sentence in Tulare County, that she will not be released from custody.

Finally, the suggestion that the Court extend the non-expert discovery deadline would impact the entire case schedule[3] and would require an entirely new schedule be devised. Because good cause[4]

---

[1] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceedings is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the Kern County Superior Court, containing the court system's records for filings is subject to judicial notice.

[2] Counsel must merely request the Court issue an order requiring she be produced for this purpose.

[3] The schedule in place has no extra time in it to allow the amendment suggested. At most, the Court could entertain a request to extend the non-expert discovery deadline to the same deadline as expert discovery. However, even this change requires a showing of good cause.

[4] Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4). This standard, "primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension . . ." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation marks and citations omitted). Likewise, to seek a modification of the case schedule, the parties must show: "(1) that [they were] diligent in assisting the Court in creating a workable Rule 16 order, (2) that [their] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [their] efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that [they were] diligent in seeking amendment of the

has not been shown to extend the deadlines set forth in the case schedule, the request to amend the scheduling order is **DENIED**.

IT IS SO ORDERED.

   Dated: **January 20, 2015**        **/s/ Jennifer L. Thurston**
                                                   UNITED STATES MAGISTRATE JUDGE

---

Rule 16 order, once it become apparent that she could not comply with the order." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999) (internal citations omitted).