**THERESA A. GOLDNER, COUNTY COUNSEL**
By: **ANDREW C. THOMSON, DEPUTY (SBN 149057)**
**Kern County Administrative Center**
**1115 Truxtun Avenue, Fourth Floor**
**Bakersfield, CA 93301**
**Telephone 661-868-3800**
**Fax 661-868-3805**

**Attorneys for Defendants County**
**of Kern, Perkins, Graves and Isaac**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTINE DONALDSON**<br><br>                 **Plaintiff,**<br>     vs.<br><br>**KERN COUNTY, OFFICER DOE GRAVES, OFFICER DOE ROMERO, OFFICER DOE ISSAC, OFFICER DOE PERKINS, and DOES 1-10, inclusive,**<br><br>                 **Defendants.** | **CASE NO. 1:14-CV-00257-AWI-JLT**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**(Doc. 36)** |

COME NOW, the parties to this matter and agree and stipulate to a Protective Order, as follows:

1.     WHEREAS Plaintiff has requested portions of the private personnel records of law enforcement members of the Kern County Sheriff's Office (KCSO), and KCSO has been requested to produce the records in discovery;

2.     WHEREAS the parties agree that discovery of the private personnel records of law enforcement members of the KCSO are relevant to this action;

3.     WHEREAS Defendants are concerned that turning over the KCSO private personnel records without a protective order could result in the violation of the privacy rights of KCSO Deputies including but not limited to those who are parties to this litigation;

---
Stipulated Protective Order
1

4. WHEREAS the parties agree that a Stipulated Protective Order is necessary to balance Plaintiff's need for relevant discovery, KCSO's duty as steward of the records, and the privacy rights of the KCSO Deputies including but not limited to those who are parties to this litigation;

5. WHEREAS Defendants have requested portions of the private medical and psychological records of Plaintiff, and Plaintiff has been requested to produce the records in discovery;

6. WHEREAS the parties agree that discovery of the private medical and psychological records of Plaintiff are relevant to this action;

7. WHEREAS Defendants are concerned that turning over the private medical and psychological records of Plaintiff without a protective order could result in the violation of the privacy rights of Plaintiff.

8. WHEREAS the parties agree that a Stipulated Protective Order is necessary to balance Defendants need for relevant discovery and Plaintiff's desire to prevent unwarranted disclosure of her medical and psychological records of Plaintiff

SUBJECT TO THE APPROVAL OF THIS COURT, THE PARTIES HEREBY STIPULATE TO THE FOLLOWING PROTECTIVE ORDER:

9. In connection with discovery proceedings in this action, the parties designate the KCSO's personnel records regarding their Deputies, including but not limited to those who are parties to this litigation, as CONFIDENTIAL.

10. In connection with discovery proceedings in this action, the parties designate the Plaintiff's medical and psychological records as CONFIDENTIAL.

11. By designating the above matters as CONFIDENTIAL, the parties certify to the Court that there is a good faith basis both in law and in fact for the designations within the meaning of Federal Rule of Civil Procedure 26(c).

\ \ \

\ \ \

---

Stipulated Protective Order

2

12. Material designated as CONFIDENTIAL under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose.

13. CONFIDENTIAL material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    (a) a named party, to which only CONFIDENTIAL material specifically related to the named party shall be disclosed;

    (b) experts and/or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

    (c) court reporter(s) employed in this action;

    (d) a witness at any deposition or other proceeding in this action; and

    (e) any other person as to whom the parties in writing agree.

Prior to receiving any CONFIDENTIAL material, each "qualified person" shall be provided with a copy of this Order and shall agree to a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

14. For purposes of Defendants' initial responses to Plaintiff's production request, the parties agree that Defendants may exclude [redact] from the production the names, addresses, telephone numbers and other personal contact information of any non-party Deputy, provided that the identified Deputy is not a first person witness, report writer and/or an investigator of Plaintiff's complaints.

15. In the event of a disputed factual issue as to section 5, and Plaintiff deems it necessary to discover the identities and personal contact information of non-party Deputy's information excluded under section 5, Plaintiff's counsel will notify Defendants' counsels of their intent in writing to seek such personal information. If after five (5) days the parties are

\ \ \

---

Stipulated Protective Order

3

unable to reach agreement on production of the non-party Deputy's information, then Plaintiff may make an application to the Court for an order to resolve the dispute.

16. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of the discovery process in this action, whether or not such material is also obtained through discovery in this action.

17. In the event that any CONFIDENTIAL material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use, including but not limited to filing such material under seal and labeling the material "CONFIDENTIAL – Subject to Court Order". **Any requests to file under seal SHALL comply with Local Rule 141.**

18. This Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (b) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

19. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, or in the production of any information or document under the terms of this Order, or any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

20. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder; and,

\ \ \

___

Stipulated Protective Order

21. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

DATED: April 1, 2015                    Schonbrun DeSimone Seplow Harris & Hoffman


                                        By: /s/ Wilmer J. Harris_____
                                            Wilmer J. Harris, Esq.
                                            Attorneys for Plaintiff Donaldson

DATED:  April 1, 2015                   Robinson & Kellar


                                        By: /s/ Oliver U. Robinson_____
                                            Oliver U. Robinson, Esq.
                                            Attorneys for Defendant Romero

DATED:  April 1, 2015                   Theresa A. Goldner, County Counsel


                                        By: /s/ Andrew C. Thomson _____
                                            Andrew C. Thomson, Deputy
                                            Attorneys for Defendants County of
                                            Kern, Perkins, Graves and Isaac

## ORDER

With the modification made by the Court to paragraph 17, the stipulated protective order is **GRANTED**.

IT IS SO ORDERED.

   Dated:   **April 6, 2015**                    **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE

_____
Stipulated Protective Order

Attachment A

## NONDISCLOSURE AGREEMENT

I, _____ do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Donaldson v. County of Kern, et al.,* United States District Court for the Eastern District of California, Civil Action No. 1:14-CV-00257-AWI-JLT and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED: _____

_____
SIGNATURE