UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE DONALDSON,<br><br>        Plaintiff,<br><br>  v.<br><br>KERN COUNTY, et al.,<br><br>        Defendants. | Case No.: 1:14-cv-00257 AWI JLT<br><br>ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S REQUEST TO SEAL DOCUMENTS |

Before Court is the request, lodged by Plaintiff to seal certain documents attached to the declaration of Wilmer Harris. (Doc. 39)  For the most part, the documents at issue are medical records of Plaintiff and testimony about the records by a medical professional and the County's Rule 26 initial disclosures.  For the reasons set forth below, the request is **DENIED WITHOUT PREJUDICE**.

I.  **Legal Authority**

The request to seal documents is controlled by Federal Rule of Civil Procedure 26(c).  The Rule permits the Court to issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  Only if good cause exists may the Court seal the information from public view after balancing "the needs for discovery against the need for confidentiality.'" Pintos v. Pac. Creditors

1  Ass'n, 605 F.3d 665, 678 (9th Cir. Cal. 2010) (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors
2  Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)).

3        Generally, documents filed in civil cases are presumed to be available to the public.  EEOC v.
4  Erection Co., 900 F.2d 168, 170 (9th Cir. 1990); see also Kamakana v. City and County of Honolulu,
5  447 F.3d 1172, 1178 (9th Cir.2006); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1134 (9th
6  Cir.2003).  Documents may be sealed only when the compelling reasons for doing so outweigh the
7  public's right of access.  EEOC at 170.  In evaluating the request, the Court considers the "public
8  interest in understanding the judicial process and whether disclosure of the material could result in
9  improper use of the material for scandalous or libelous purposes or infringement upon trade secrets."
10  Valley Broadcasting Co. v. United States District Court, 798 F.2d 1289, 1294 (9th Cir. 1986).

11        Notably, this Court's Local Rule 141 sets forth, procedurally, how a request to seal documents
12  should proceed.  First, as was done here, the requesting party files a Notice of Request to Seal
13  Documents.  L.R. 141(a).  Concurrently with this filing, the requesting party lodges a Request to Seal
14  Documents which addresses the specific pages of the documents sought to be sealed, the information
15  contained therein and explanation for why the information should be shielded from public view.  L.R.
16  141(b).  Ideally, at this time, Defendant would lodge also a proposed redacted copy of the documents
17  with the private information obliterated.  The email containing this lodged information must be copied
18  to opposing counsel.  Then, if there is no objection to the request to seal (L.R. 141(c)), the Court must
19  determine whether each of the pages of the document should be shielded from public view or to what
20  extent they should be.

21        Notably, here, there is virtually no discussion as to why the documents lodged with the Court
22  should be sealed.  For example, though the medical condition at issue was revealed to the public in her
23  original complaint (Doc. 1 at 5), Plaintiff now seeks to seal her medical records detailing this
24  condition.  Plaintiff does not contend that the revelation of these materials would subject her to
25  embarrassment and the Court is at loss to understand why it would.  Though the Court recognizes
26  there may be a few lines in the records unrelated to the current litigation which may not justify public
27  exposure, Plaintiff has failed to direct the Court's attention to this content.  Likewise, the mere fact
28  that County's Rule 26 disclosure identifies witnesses who are not defendants in this case, does not

give rise to a need to seal the records and, indeed, Plaintiff has failed to explain her belief why this information should be shielded from the public view.

It appears to the Court that Plaintiff seeks to seal these documents based upon the stipulate protected order entered at the request of the parties.  However, this protective order does not act as a blanket sealing order and, in fact, the order itself *requires* compliance with Local Rule 141.  (Doc. 28 at 3, emphasis in the original ["Any effort to file documents under seal SHALL be pursuant to Local Rule 141."]  Local Rule 141(b) provides, in part:

> The "Request to Seal Documents" shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information.

Here, Plaintiff has failed to provide the legal authority for her request to seal the documents.

Based upon the Court's review, it appears that few, if any, of the documents may be sealed. However, because it appears Plaintiff was unaware that the protective order does not provide a sufficient legal basis to justify sealing the records and, apparently, has not had the opportunity to research the topics at issue, the request will be denied without prejudice.  In the event Plaintiff renews this request, she should focus her efforts on determining what information on the specific pages should be sealed and only these specific pages should be lodged with the request.  Again, as to this material, Plaintiff must explain what information should be sealed and why.[1]  L.R. 141 (b).  The pages at issue must be Bate stamped and "paginated consecutively so that they may be identified without reference to their content, and the total number of submitted pages shall be stated in the request." L.R. 141(b). Plaintiff should consult Local Rule 141 for the specifics of how to proceed.

///
///
///
///
///
///

---

[1] For example, the Court is unclear why subpoenas duces tecum or deposition notices should be sealed.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's request to seal (Doc. 39) is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Dated:  **April 28, 2015**                    /s/ Jennifer L. Thurston
                                                              UNITED STATES MAGISTRATE JUDGE