**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTINE DONALDSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KERN COUNTY, OFFICER BRENDA GRAVES, OFFICER PHILLIP ROMERO, OFFICER MISTY ISAAC, OFFICER FRANCES PERKINS, and DOE 1-10, inclusive,<br><br>　　　　Defendants.<br>_____ / | 1:14-cv-00257-AWI-JLT<br><br>**ORDER FOR ADDITIONAL BRIEFING ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S RULING ON MOTION TO AMEND**<br><br>(Doc. 51) |

Plaintiff Christine Donaldson brought this action under 42 U.S.C. § 1983 for alleged illegal strip search, retaliation, and denial of medical care against Defendants Kern County, Officer Brenda Graves, Officer Phillip Romero, Officer Misty Isaac, Officer Frances Perkins, and Doe 1-10. Doc. 21. On April 22, 2015, Donaldson filed a Motion to Modify the Scheduling Order for Leave to File a Second Amended Complaint. Doc. 40. The proposed Second Amended Complaint adds defendants Kathe Lundgren and Doe Nurse 1 as well as allegations

related to these two defendants.  Doc. 41-1.  On May 22, 2015, the Magistrate Judge issued an order denying leave to amend.  Doc. 48.  In the instant motion, Donaldson seeks reconsideration of the Magistrate Judge's May 22, 2015 order.  Doc. 51.  To date Defendants have not filed an opposition.

On March 25, 2015, the parties conducted a deposition of Kathe Lundgren.  In Exhibit 3 to this deposition, pages Bates stamped KC 66-67 contain the paragraphs:

> "Lundgren said she wrote a referral for Donaldson to see an Ophthalmologist at a later time, but there was no immediate need to send Donaldson to Kern Medical Center.  Lundgren explained to Donaldson that she would be unable to see an eye specialist at that time because it was Saturday and there was none working.  Lundgren said Donaldson only had irritated eye and was responding well to eye irrigation.
> Lundgren said she also told Donaldson that the emergency room doctor would not be able to provide treatment, beyond what she was receiving at the Lerdo Pre-Trial Infirmary.
> I told Lundgren about Donaldson's allegations that she (Lundgren) determined she needed to go to Kern Medical Center, but a detentions deputy refused to allow her to go and receive treatment.  I asked Lundgren if this occurred and if she ever told Donaldson to call an attorney.  Lundgren said this did not happen and she did not tell Donaldson to call an attorney."

Lundgren Depo., Exh. 3.  The Court now orders Donaldson to clarify when this document was turned over to her and her attorneys, and to clarify if it was part of the discovery turned over on November 11, 2014.  The Court also invites Donaldson to file additional briefing responding to how the pages Bates stamped KC 66-67 affect her motion for reconsideration, in light of her assertion that "there was no information prior to March 25, 2015 that Ms. Lundgren had herself denied, delayed or interfered with Ms. Lundgren's medical treatment as required by case law. Once Ms. Lundgren testified that it was she herself who refused to send Ms. Donaldson for an immediate consultation with an ophthalmologist, plaintiff promptly sought to include a claim against her shortly thereafter."  Doc. 51, 8:6-11.

2

**ORDER**

Accordingly, it is HEREBY ORDERED that:

(1) Plaintiff must submit ADDITIONAL BRIEFING on the matters described above within 14 days; and

(2) Defendants can respond to this and file an OPPOSITION within 7 days after Plaintiff files the aforementioned additional briefing.

IT IS SO ORDERED.

Dated:   August 13, 2015

SENIOR DISTRICT JUDGE

3